| | | |
|---|---|---|
| WILLIE TOLBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   3:25-CV-371-KAC-DCP |
| | ) | |
| CORRECTIONAL OFFICER HICKS, | ) | |
| ANDREW BARNES,  ARDEN | ) | |
| DEATHRAGE, DEBORAH YOKELY, | ) | |
| SAMANTHA K. HILL, WILLIAM | ) | |
| PURVIS, LIEUTENANT WARD, | ) | |
| CORPORAL SPARKS, | ) | |
| CORRECTIONAL OFFICER PORTER, | ) | |
| CORRECTIONAL OFFICER | ) | |
| ANDERSON, CORRECTIONAL | ) | |
| OFFICER PITTMAN, JAY PERRY, JAY | ) | |
| SIMONELLI, D. WISE, L. KIDD, KNOX | ) | |
| COUNTY SHERIFF'S OFFICE, JOHN | ) | |
| AND JANE DOES, and | ) | |
| CORRECTIONAL OFFICER HORN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate in the Knox County Detention Facility, filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1].  Thereafter, he filed (1) a motion to preserve video surveillance and body camera footage [Doc. 2], (2) a motion for leave to proceed *in forma pauperis* [Doc. 5], (3) a motion for extension of time to file his inmate account certificate [Doc. 6], and (4) his inmate account certificate [Doc. 8].  The Court addresses each filing below.

I.      **MOTIONS RELATED TO *IN FORMA PAUPERIS* STATUS [Docs. 5, 6]**

As an initial matter, Plaintiff has shown good cause for an extension of time to file his inmate account certificate [*See* Doc. 6].  *See* Fed. R. Civ. P. 6.  So, the Court **GRANTS** Plaintiff's motion for extension of time to file his inmate account certificate [Doc. 6].  And the Court

considers Plaintiff's inmate account certificate [Doc. 8] in assessing his request to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who brings a civil action may apply for permission to file suit without prepaying the filing fee. See 28 U.S.C. § 1915(a). Review of Plaintiff's Motion [Doc. 5] and inmate account certificate [Doc. 8] shows that he lacks sufficient resources to pay the filing fee in a lump sum. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] and **ASSESSES** Plaintiff the civil filing fee of three hundred fifty dollars ($350.00).

The custodian of Plaintiff's inmate trust account **SHALL** submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1)(A), (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

## II.    COMPLAINT SCREENING

Because Plaintiff is proceeding *in forma pauperis*, the Court must screen the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or

are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) ("Because Hill's lawsuit seeks redress from governmental officers, and because Hill proceeded *in forma pauperis*, the district court screened Hill's complaint as required by 28 U.S.C. §§ 1915A and 1915(e)(2)(B)).").

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill*, 630 F.3d at 470-71. Thus, to survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. But the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the Complaint, Plaintiff seeks relief under Section 1983 based on allegations arising from numerous unrelated incidents on different dates [*See* Doc. 1 at 3-9]. Plaintiff names seventeen individuals as Defendants, and he names the Knox County Sheriff's Office and John and Jane Doe officers as Defendants [*Id.* at 1-2]. For the most part, the Complaint generally seeks to hold different Defendants liable for the unrelated incidents [*Id.* at 3-9].

The Complaint suffered from multiple challenges. As an initial matter, the Knox County Sheriff's Office, this is not a "person" subject to suit under Section 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a

'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).  Further, even if the Court construed those allegations against the Knox County Sheriff's Office as allegations against Knox County itself, the Complaint does not identify a custom or policy of Knox County that led to an alleged constitutional violation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (providing that a municipality may be liable under Section 1983 only where its custom or policy caused a violation of the plaintiff's constitutional rights).  So, the Court **DISMISSES** any claims against Defendant Knox County Sheriff's Office and any intended claims against Knox County.

The remaining claims in the Complaint arise out of unrelated incidents and are generally against different Defendants [*Id.*].  So, they are not all properly joined under Federal Rule of Civil Procedure 20(a)(2).  Rule 18(a) allows a plaintiff to join as many claims as he has against an opposing defendant in one lawsuit.  But Rule 20(a)(2) only allows a plaintiff to sue multiple defendants in one lawsuit where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Thus, Rule 20 does not allow Plaintiff to join unrelated claims against different defendants in one lawsuit.  *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022).

But the Court will give Plaintiff a chance to amend his complaint to address this deficiency. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").  **Plaintiff MUST file any amended complaint by April 8, 2026.**  Any amended

4

complaint **MUST** contain a short and plain statement of the facts underlying each claim and the relevant individual(s) he seeks to hold responsible for each claim. Plaintiff **MUST** avoid conclusory legal statements or arguments in any amended complaint. If the amended complaint includes claims that are not properly joined under Rules 20(a)(2) and 18(a), the Court will presume that Plaintiff intends to proceed on his first listed claim, and the Court will **DISMISS** any other misjoined claims.

The Court will only address the merits of any claim in Plaintiff's amended complaint that relate to his original complaint. Plaintiff **MUST NOT** attempt to set forth any further additional claims. The Court will **DISMISS** any such claims. Also, any amended complaint will be the sole operative complaint that the Court considers. So, any amended complaint **MUST** be complete in and of itself and **MUST NOT** refer to any previously filed allegations or pleadings.

Further, **if Plaintiff does not file an amended complaint by April 8, 2026**, the Court will screen the remainder of Plaintiff's initial complaint, presuming that Plaintiff wishes to proceed on his first theory of liability, and dismiss any misjoined claims and defendants.

III. **MOTION TO PRESERVE FOOTAGE [Doc. 2]**

Finally, Plaintiff asks the Court to order Defendants to preserve video and body camera footage for various dates allegedly relevant to Plaintiff's claims [Doc. 2 at 1-3]. But that motion is premature because Plaintiff must file an amended complaint to address procedural deficiencies. And the Court must determine what claims are at issue before the Court could assess whether preservation is required for those claims. So, the Court **DENIES** the motion to preserve footage [Doc. 2] **without prejudice**.

5

## IV. CONCLUSION

For the reasons set forth above:

1. The Court **GRANTED** Plaintiff's motion for extension of time to file his inmate trust fund statement [Doc. 6] and motion to proceed *in forma pauperis* [Doc. 5];

2. The custodian of Plaintiff's inmate account **MUST** submit payments toward the filing fee in the manner set forth above;

3. The Court **DISMISSED** any claims against Defendant Knox County Sheriff's Office and Knox County;

4. The Clerk **MUST** forward Plaintiff a Section 1983 form;

5. Plaintiff **MUST** complete the Section 1983 form and file an amended complaint by **April 8, 2026**;

6. The Court **DENIED** Plaintiff's motion to preserve footage [Doc. 2] **without prejudice**; and

7. Plaintiff **MUST** immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

6